FIRST DIVISION 

August 30, 1999 

No. 1-97-4382

IN THE INTEREST OF:

A. A.,

A Minor,

(THE PEOPLE OF THE STATE OF ILLINOIS

Petitioner-Appellee,

v.

Kameela A.,

Respondent-Appellant.)

)

)

)

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County.

Honorable

Carol P. McCarthy,

Judge Presiding.

JUSTICE TULLY delivered the opinion of the court:

A petition for adjudication of wardship of a seven year old minor, A.A., was filed by the State on May 9, 1996 in Juvenile Court.  The State alleged, pursuant to the Juvenile Court Act section 405/2-3(1)(b) (West 1994), that the minor was neglected because Kameela A., A.A.'s mother, was uncooperative with the investigation of sexual abuse of her minor child.  The State further claimed, pursuant to 405/2-3(2)(iii) (West 1994), that the minor was sexually abused and that there was a substantial risk of physical injury as a result of this abuse, under 405/2-3(2)(ii) (West 1994).  K.A., A.A.'s brother, allegedly committed the sexual abuse.  An adjudication order was entered on October 21, 1997, finding that K.A. sexually abused A.A., and that there was a substantial risk of physical injury to her.  A dispositional order finding that Kameela A. was unable, unwilling and unfit to parent was entered on November 7, 1997.  Kameela A. appeals and this court has jurisdiction pursuant to Supreme Court Rule 660(b) (155 Ill. 2d R. 660(b)). 

We affirm for the following reasons.

Before the juvenile adjudication, K.A. was charged in criminal court with sexual abuse.  Following a bench trial, he was acquitted.  The State called K.A. as a witness at the juvenile adjudication.  He stated that he was interviewed by the police May 31 through June 1 of 1996.  At that time, K.A. gave a statement which was used in his criminal trial.  He stated that on 9 or 10 occasions, he had "felt on" A.A.  In addition, he had pulled down her clothing and rubbed her vagina with his hand.  On those occasions, he would also pull out his penis and "get on top of her."  He further claimed that he put his finger and his penis into her vagina.

During the juvenile adjudication, he testified that the statement was not true.  He claimed, at times during the interview, he thought the police might strike him.  He also maintained that the Assistant State's Attorney stated that if he signed the statement, nothing would happen to him but if he did not, then he could get 2-30 years in prison.

Sherry Dieleman, a child development interviewer with Mt. Sinai Hospital, testified for the State.  She conducted an interview with A.A., regarding the alleged sexual abuse.  A.A. told Dieleman that her brother touched her and put his "thing" into her vagina.  She also told Dieleman that she did not want to return home because she was afraid of her brother.  Additionally, A.A.'s medical records supported a finding of sexual abuse.  

Sheldon Parker, a social worker at A.A.'s school, testified for the Guardian Ad Litem.  He stated that A.A. told him and a teacher that her brother had raped her at knife point.     

After hearing all the evidence, the circuit court found that A.A. was sexually abused and at a substantial risk of harm.  At a dispositional hearing on November 7, 1997, the circuit court ruled that Kameela A. was unfit, unwilling, and unable to parent.

On appeal Kameela A. argues that: (1) collateral estoppel precludes a civil juvenile adjudication involving allegations of sexual abuse when the defendant was acquitted of sexual abuse charges in a criminal trial, and (2) her trial counsel was ineffective for failing to file a motion to dismiss the juvenile petition based on collateral estoppel.

Kameela A. contends that because K.A. was acquitted of criminal sexual abuse charges, collateral estoppel applies, and the civil juvenile proceeding should have been barred in its entirety.  The State submits that because the civil burden of preponderance of the evidence is less than the criminal burden of beyond a reasonable doubt, collateral estoppel is inapplicable when the civil proceeding follows the criminal case.  Alternatively, the State urges that the parties were not the same or in privity with each other, and the issues were not identical.   

A reviewing court will not reverse a court's finding of abuse and neglect unless it is against the manifest weight of the evidence.  
In re Stilley
, 66 Ill. 2d 515, 363 N.E.2d 820 (1977).  Collateral estoppel applies when:  (1) the issue decided in the prior adjudication is identical to the one presented in the suit in question; (2) there was a judgment on the merits in the prior adjudication; and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication.  
People v. Krstic
, 292 Ill. App. 3d 720, 723, 686 N.E.2d 692 (1997).

In the instant case, collateral estoppel was inapplicable because the issues were not identical.  In the criminal trial, the issue was whether K.A. sexually abused A.A.  In the juvenile proceeding, the ultimate issue involved the custody rights of Kameela A.  Therefore, the issues were not identical, and we do not need to reach the remaining elements of collateral estoppel.  Accordingly, collateral estoppel was inapplicable.

 Because we have determined that collateral estoppel was inapplicable, we do not need to address Kameela A.'s remaining arguments.

In light of the foregoing, the judgment of the circuit court is affirmed.

Affirmed.

O'BRIEN, P.J., and GALLAGHER, J., concurring.